**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CASE NO. 05-80810
                                    HON. LAWRENCE P. ZATKOFF

MICHAEL ANTHONY CLARK, et. al.,

        Defendants.
_____/

## ORDER AND REVISED NOTICE OF MOTION HEARINGS

Defendants Michael Clark, James Jackson, Kevin Youngblood, Leon Johnson, and Charles

Gadson have filed the following Motions to Suppress in which Defendants request various

evidentiary hearings:

- Charles Gadson's Motion to Suppress Oral Statements (Docket #107).
- Kevin Youngblood's Motion to Suppress Evidence Seized from Traffic Stop (#111).
- Kevin Youngblood's Motion to Suppress Evidence Seized at 20042 Ward (#113).
- Charles Gadson's Motion to Suppress Contents Of Intercepted Communications (#115).
- Leon Johnson's Motion to Suppress Oral Statements (#116)
- Leon Johnson's Motion to Suppress Contents Of Intercepted Communications (#119).
- Charles Gadson's Motion to Suppress Evidence Obtained from Search of 21820 Avon (#124).
- James Jackson's Motion to Suppress Contents Of Intercepted Communications (#132).
- Michael Clark's Motion to Suppress Evidence Seized from 7559 Prairie St. (#149).
- Michael Clark's Motion to Suppress Fruits of Electronic Surveillance (#157).
- Michael Clark's Motion to Suppress Fruits of Electronic Surveillance (#159).
- Michael Clark's Motion to Suppress Evidence Seized from 8843 Livernois (#169).

**A. Requests for Evidentiary Hearing Denied**

The Court has reviewed Defendants' Motions and the Government's Responses and

DENIES Defendants' Request for Evidentiary Hearings as to the following Motions:

- Kevin Youngblood's Motion to Suppress Evidence Seized at 20042 Ward St. (#113).
- Charles Gadson's Motion to Suppress Contents Of Intercepted Communications (#115).
- Leon Johnson's Motion to Suppress Contents Of Intercepted Communications (#119).
- Charles Gadson's Motion to Suppress Evidence Obtained from Search of 21820 Avon (#124).
- James Jackson's Motion to Suppress Contents Of Intercepted Communications (#132).
- Michael Clark's Motion to Suppress Evidence Seized from 7559 Prairie St. (#149).
- Michael Clark's Motion to Suppress Fruits of Electronic Surveillance (#157).
- Michael Clark's Motion to Suppress Fruits of Electronic Surveillance (#159).
- Michael Clark's Motion to Suppress Evidence Seized from 8843 Livernois (#169).

The Court finds that an evidentiary hearing is not necessary as to each of the above motions because

in each case, the evidence was seized pursuant to a judicially authorized search warrant or wiretap.

Defendants' Motions do not specifically challenge the underlying facts which prompted the judges

to grant these warrants and wiretaps, but instead challenge the legal conclusions which were reached

by the judges. *See U.S. v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) ("An evidentiary hearing is

required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable

the court to conclude that contested issues of fact going to the validity of the search are in

question.").

In the case of the wiretaps, the Sixth Circuit has explained that judicially approved wiretaps

should be accorded "great deference." *See U.S. v. Corrado*, 227 F.3d 528, 538 (6th Cir. 2000) ("In

reviewing the validity of an electronic surveillance order, we will accord 'great deference' to the

determinations of the issuing judge."). The Sixth Circuit further explained in *Corrado*, "the fact that a later trial judge or reviewing court may feel that a different conclusion was appropriate does not require, nor even authorize, the suppression of evidence gained through such a warrant." *Id*. Based on this deferential standard, the fact that the Court is already in possession of hundreds of pages of wiretap applications and affidavits, and that these facts do not appear to be in dispute, the Court finds that an evidentiary hearing is not necessary.

Regarding the Motions to Suppress Evidence Obtained from a Physical Search of Defendants' property, and in addition to the reasons given above, the Court finds that an evidentiary hearing is unnecessary because the searches were the result of judicially-authorized search warrants. In *Franks v. Delaware*, 438 U.S. 154, 155-156 (1977), the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Defendants have not made any allegations that the affiants in this case included facts in their affidavits with a knowing, intentional, or reckless disregard of the truth.

For these reasons, Defendants' Requests for Evidentiary Hearing as to the above Motions should be Denied.

**B. Requests for Evidentiary Hearing Granted**

The Court finds that the following motions sufficiently raise factual disputes and, accordingly, GRANTS Defendants' Request for an Evidentiary Hearing as to the following motions:

- Charles Gadson's Motion to Suppress Oral Statements (#107).
- Kevin Youngblood's Motion to Suppress Evidence Seized from Traffic Stop (#111).

- Leon Johnson's Motion to Suppress Oral Statements (#116).

The Court will hear these Motions on June 28, 2006, pursuant to the following schedule.

### REVISED NOTICE OF MOTION HEARINGS

**Motions for Michael Clark**                               **9:00 a.m. - 10:00 a.m.**

**Motions for James Jackson**                               **10:00 a.m. - 10:30 a.m.**

**Motions for Kevin Youngblood (evidentiary hearing)**      **10:30 a.m. - 12:00 p.m.**

**Motions for Leon Johnson (evidentiary hearing)**          **1:30 p.m. - 3:00 p.m.**

**Motions for Charles Gadson (evidentiary hearing)**        **3:00 p.m. - 4:30 p.m.**

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 20, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290