**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                                 CASE NO. 05-80810
    Plaintiff,                            HON. LAWRENCE P. ZATKOFF

v.

KEVIN YOUNGBLOOD,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 13, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Defendant Kevin Youngblood is Defendant Two in a fifteen defendant and forty-five count drug conspiracy. Currently before the Court is Defendant Kevin Youngblood's Motion to Suppress Evidence Following Traffic Stop (#110 and #111) and Motion to Suppress Evidence Seized at 20042 Ward Street. (#113). On July 11, 2006, the Court held an evidentiary hearing regarding the Motion to Suppress Evidence Following Traffic Stop. The Court denied Defendant's request for an evidentiary hearing as to Defendant's Motion to Suppress Evidence Seized at 20042 Ward Street. *See* Docket #181. The Court permitted the parties to provide oral arguments regarding both motions at the July 11, 2006 hearing, but the parties agreed that the remaining legal issues should be decided on the briefs. For the following reasons, Defendant's Motions to Suppress are DENIED.

**II. DISCUSSION**

**A. Motion to Suppress Evidence Following Traffic Stop**

    **1. Evidentiary Hearing**

The following facts were established at the July 11, 2006 evidentiary hearing based on the testimony of Michigan State Trooper Adam Kolbas. Kolbas, a Michigan State Trooper of nine years, was on general patrol in the city of Detroit on June 28, 2005. Trooper Todd Parsons accompanied Kolbas in his patrol car. In the late afternoon, Kolbas received a police radio report to be on the lookout for a dark blue Dodge Durango which was suspected to be implicated in narcotics trafficking. About fifteen to twenty minutes later, Kolbas spotted a vehicle which fit the description and, based on the license plate, confirmed that this was the vehicle indicated in the police radio report. Kolbas followed the vehicle on South Myers street for a few seconds and then observed what he believed to be a traffic violation. The vehicle crossed the double yellow line in the center of the road for one or two seconds. In Kolbas' opinion, the vehicle crossed the line by one or two feet, which he considered to be a "significant portion." The vehicle then jerked back to the right and into the parking lane, where the vehicle continued to drive. At this point, Kolbas believed that the driver of the vehicle may have been operating while under the influence of alcohol. Based on this, as well as the vehicle's violation of traffic laws by crossing the center double line and driving in the parking lane, Kolbas effected a traffic stop.

    Defendant Kevin Youngblood, who was driving the vehicle which Kolbas was following, stopped his vehicle without incident. Kolbas exited his patrol car and approached the driver's side door in order to obtain the driver's license, registration, and insurance information. When Defendant rolled down the window, Kolbas immediately detected the smell of raw marijuana coming from the vehicle. Kolbas detected this smell based on his years of experience as a Michigan State Trooper,

including numerous encounters with marijuana. Defendant presented his driver's license, but asserted that the car was his brother's and that he would have to look for the registration and proof of insurance. Defendant began to search the glove box. As Defendant did this, Kolbas observed that Defendant acted very nervously compared to the way an average person would react to being pulled over. Based on this and the smell of marijuana, Kolbas asked Defendant to get out of the vehicle. Kolbas patted Defendant for weapons and found a wad of money, which Defendant said was about one thousand dollars. At this time, Trooper Parsons searched the car for narcotics and found a large box of marijuana[1] in the back of the vehicle. The marijuana was contained in eleven gallon ziplock bags. As Parsons searched the car, Kolbas ran an identification check on Defendant's license and determined that there was a civil warrant against defendant. Kolbas arrested Defendant at this time. An inventory search of the vehicle was conducted at the scene and the vehicle was then towed to await forfeiture proceedings.

**2. Findings of Fact**

As to the credibility of the witness, the Court was guided by the appearance and conduct of the witness, by the manner in which he testified, and by the character of the testimony given. The Court had an opportunity to view the witness's reactions to questions, his hand and eye movement, and his facial expressions. Additionally, the Court considered the witness's intelligence, motive, state of mind, demeanor, and manner while testifying. The Court also considered the witness's ability to observe the facts to which he testified and whether the witness appeared to have an accurate recollection of the relevant circumstances.

---

[1] Kolbas believed the substance was marijuana based on its smell and appearance. Based on lab tests performed later, the substance was found to be marijuana.

Based on the Court's observations, the Court finds that Trooper Kolbas was a credible witness.

**3. Legal Analysis**

At the evidentiary hearing, some of defense counsel's questions implied that the traffic stop of Defendant was actually a pre-textual stop[2] in order to search the car for drugs. If this were the case, Defendant is correct that such a stop would be impermissible under the law. *See Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (holding that there must be an "articulable and reasonable suspicion" of a violation of law prior to a traffic stop). In the present case, however, the Court is satisfied based on Trooper Kolbas' credible testimony that Kolbas believed a traffic violation had occurred. Accordingly, the initial traffic stop of Defendant was lawful.

Defendant next argues that the continued detention of Defendant after the traffic stop was unlawful. The Court disagrees. In *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999) the Sixth Circuit explained that "[o]nce the purpose of the traffic stop is completed, a motorist cannot be further detained unless something that occurred during the stop caused the officer to have a reasonable and articulable suspicion that criminal activity was afoot." In the present case, upon approaching Defendant's vehicle, Kolbas immediately smelled raw marijuana, a smell with which he was familiar. Additionally, Kolbas noticed that Defendant began to act very nervously. For these reasons, Kolbas ordered Defendant out of the vehicle and padded him down. Trooper Parsons then searched the vehicle for marijuana, which was found in the back of the vehicle. The Court finds that the detention of Defendant and the search of the vehicle following the traffic stop were proper

---

[2] Defense counsel's questions implied that Trooper Kolbas actually pulled Defendant over based on the police radio dispatch he received shortly before the traffic stop which implicated Defendant's blue Dodge Durango in drug trafficking.

because Kolbas had a reasonable suspicion that criminal activity was afoot as well as probable cause to believe that a search of the vehicle would reveal marijuana. *See United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").

For these reasons, Defendant's Motion to Suppress Evidence Following Traffic Stop should be denied.

**B.  Motion to Suppress Evidence Seized at 20042 Ward Street**

Following the traffic stop of Defendant on June 28, 2005 and the seizure of 11 pounds of marijuana from his car, the State Police officers completed an affidavit in support of a search warrant. The affidavit sought permission "to remove narcotics and narcotic related items from the location" at 20042 Ward Street in Detroit, Michigan. The warrant was obtained and executed the same day as the traffic stop. During the execution of the warrant at Ward Street, the agents seized various items, including 10 garbage bags of marijuana, a scale, papers, a shotgun, and a handgun. Defendant argues that the warrant was overbroad and that there was not sufficient probable cause to support the warrant. The Court disagrees.

"An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause . . . ." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). In the present case, the affidavit stated that the Affiant was currently involved in an investigation into the sale of illegal drugs at 20042 Ward. Pursuant to information obtained through electronic surveillance (which had been judicially authorized), on June 28, 2005, the Affiant believed that Defendant Youngblood was going to conduct a narcotics transaction that day. Affiant heard Youngblood state that he was going to "pick up his tools so that he can go to work." Affiant asserted that Youngblood had used this

5

language in prior intercepted communications and that it meant that he was going to purchase supplies (zip lock bags) necessary for the packaging of narcotics.

Surveillance later that day showed Defendant's brother, co-Defendant Leon Johnson, arrive at the house. Youngblood said to Johnson: "hey you smell that shit when you hit the door . . . that shit loud as f*** I'm spraying that shit." Based on prior experience, Affiant asserted that the remark indicated that Defendants were trying to mask the odor of marijuana.

Affiant then asserted that later that day, Youngblood left the house in the blue Dodge Durango. Police followed and made a traffic stop and discovered marijuana. Based on the observations of the day, Affiant asserted to the magistrate that he believed that 20042 Ward is an illegal narcotics operation and sought permission "to remove narcotics and narcotic related items from the location." Based on the Affiant's assertions in the Affidavit, the Court finds that there was a substantial basis for the Magistrate to determine the existence of probable cause and that the magistrate made the proper determination.

In addition to disputing the existence of probable cause, Defendant makes the additional argument that the warrant was overbroad because the agents believed they would find marijuana at 20042 Ward Street, and yet the affidavit did not request the seizure of marijuana but instead requested permission to search and seize "narcotics and narcotic related items from the location." The Court disagrees with Defendant's interpretation of the particularity requirement in this case. The Fourth Amendment requires warrants to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S.CONST. AMEND. IV. The level of specificity required, however, depends on the crime involved and the types of items sought. *See United States v. Henson*, 848 F.2d 1374, 1383 (6th Cir. 1988). In the present case, the Court finds that the warrant was not

6

overbroad in permitting the search and seizure of "narcotics and narcotic related items from the location" as opposed to simply permitting the search and seizure of "marijuana."

As a final matter, pursuant to *United States v. Leon*, 468 U.S. 897 (1984), because the evidence seized was seized pursuant to a warrant, even if the warrant was wrongly issued, it should not be suppressed pursuant to the "good faith" rule. For these reasons, Defendant's Motion to Suppress Evidence Seized at 20042 Ward St. should be denied.

### IV.  CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant's Motion to Suppress Evidence Following Traffic Stop (#110 and #111) and Motion to Suppress Evidence Seized at 20042 Ward Street. (#113).

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 13, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290