**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                        CASE NO. 05-80810
    Plaintiff,                         HON. LAWRENCE P. ZATKOFF

v.

MICHAEL CLARK, and KEVIN YOUNGBLOOD,

    Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Defendant Michael Clark is the lead defendant in a 15-defendant and 45-count drug conspiracy. Defendant Kevin Youngblood is Defendant Two in this case. Currently before the Court is Defendant Kevin Youngblood's Motion to Dismiss Count II of the Indictment (#114) in which Defendant Michael Clark has joined (#158). Also before the Court is Defendant Clark's Motion to Dismiss Counts 41 and 42 (#156). The Court permitted the parties to present oral arguments on the motions on July 10 and 11, 2006 and took the motions under advisement. For the following reasons, Defendant's Motions are DENIED.

## II. DISCUSSION

**A. Motion to Dismiss Count II of Indictment**

On October 6, 2005, the Government filed a 45-count Indictment against lead defendant Michael Clark and fourteen co-defendants, including Defendant Two Kevin Youngblood. Pursuant to Count Two of the Indictment, Defendants Clark and Youngblood are charged with conspiracy to possess with intent to distribute cocaine. By their Motion to Dismiss, Defendants assert that Count Two should be dismissed because it is misleading and confusing and does not supply sufficient notice of the charge. Specifically, Defendant argues that because Count One involves a marijuana conspiracy, and Count Two involves a cocaine conspiracy, that Count Two should be dismissed for failing to provide sufficient notice of the actual allegation. For support, Defendant relies on the Sixth Amendment's guarantee that a criminal defendant have the right "to be informed of the nature and cause of the accusation."

Fed. R. Crim. P. 7(c)(1) states: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." The Government argues that it has satisfied this standard. Count Two of the Indictment states:

> That between in or about February 2005 and July 2005, said dates being approximate, in the Eastern District of Michigan, Southern Division, and elsewhere defendants, D-1 MICHAEL ANTHONY CLARK, a.k.a. "Mike Nitty," a.k.a. "Mike," D-2 KEVIN LENARD YOUNGBLOOD, a.k.a."Kev" D-7 TREYVAN AGEE, a.ka. "James Clark, " a.k.a. "C-Pebble," D-8 BESSIE BLOUNT HOWARD, D-9 ALISSA CANTY, D-10 STEPHANIE HELENE BAXTER, D-11 RAMANDO ANTONE WELLONS, a.k.a. "Donut," D-12 JERRY L. SEXTON, a.k.a. "J," and D-14 LEON JOHNSON, Jr., a.k.a. "Nick,"defendants herein, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with other persons whose names are both known and unknown to the grand jury to commit an offense against the United States, that is, to possess with intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, that being approximately 11 kilograms or more of cocaine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1)." See Indictment.

*See Indictment*.

The Court agrees with the Government and finds that Count Two provides sufficient notice of the charge. In fact, Defendant does not even challenge the actual language of Count Two, but instead challenges the "Manner and Means" section which follows Count Two. Though Defendant is correct that the Manner and Means section does refer to allegations of marijuana distribution, the section also clearly sets forth facts regarding the alleged cocaine conspiracy. Additionally, the "Manner and Means" section is an optional part of an indictment. *See* Fed. R. Crim. P. 7(c)(1) ("A count *may allege* that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." [emphasis added]). For these reasons, Defendants' Motion to Dismiss Count II the Indictment should be denied.

**B. Defendant Clark's Motion to Dismiss Counts 41 and 42**

By this Motion, Defendant Clark argues that Counts 41 and 42 of the Indictment, Felon in Possession of a Firearm, should be dismissed because Clark's right to possess a firearm in Michigan was restored. The Government responds that Defendant's Motion raises factual questions regarding whether Defendant's civil rights were actually restored in this case. The Court disagrees with the Government's position and believes that Defendant's Motion raises a legal question which it is proper for the Court to address at this time. Nevertheless, the Court will deny Defendant Clark's Motion to Dismiss Counts 41 and 42 for the following reasons.

In 1984, Defendant Clark was convicted of robbery. On April 27, 1990, Clark completed his sentence. Clark asserts that his right to possess firearms was fully restored at this time. In 1992, however, the State of Michigan modified its law regarding felon in possession of a firearm. Pursuant to this statutory change, Michigan law now prohibits a convicted felon from possessing

a firearm unless that felon has had his rights restored by successfully applying to the County Concealed Weapons Licensing Board. *See* MCLA § 750.224f; *see also* MCLA § 28.424. For purposes of this Motion, Clark stipulates that his firearm rights have not been restored under this procedure.

Defendant Clark argues that the 1992 modification of the Michigan law regarding felon in possession of a firearm violates the *Ex Post Facto* clauses of both the United States and Michigan Constitutions. The Court disagrees.

In *United States v. Campbell*, 256 F.3d 381 (6th Cir. 2001), the Sixth Circuit addressed the question presented by Defendant in this case, but ultimately chose not to rule on that precise issue and instead issued a more limited holding. The Court explained:

> This court has not yet ruled on whether application of M.C.L. § 750.224f in the context of a felon-in-possession charge pursuant to 18 U.S.C. § 922(g)(1) constitutes an *ex post facto* violation. Michigan state courts and federal district courts in Michigan have held that application of M.C.L. § 750.224f to felons whose predicate convictions occurred prior to its October 13, 1992 effective date does not constitute an *ex post facto* violation. *See, e.g., Hervey v. United States*, 105 F.Supp.2d 731, 735 (E.D.Mich.2000); *Kramer v. United States*, No. 99-76146, 2000 WL 654830 (E.D.Mich. Apr.14, 2000); *People v. Swint*, 225 Mich.App. 353, 572 N.W.2d 666, 676 (1997); *People v. Tice*, 220 Mich.App. 47, 558 N.W.2d 245, 246-47 (1997). No court has yet to hold to the contrary.
> ***In* Tice, *the court concluded that § 750.224f does not violate the Ex Post Facto Clauses of the United States or Michigan Constitutions because "the state's predominant interest in enacting M.C.L. § 750.224f ⋯ was not the infliction of further punishment on those who had been convicted of previous felonies ⋯[but] to protect the public by precluding certain convicted felons from possessing firearms." 558 N.W.2d at 247. Moreover, the court stated that the conduct being punished was not any act that preceded the date the statute took effect, but the defendant's "recent act of possessing a firearm." Ibid.***
> Although we find this reasoning persuasive, we choose not to apply it to the facts of this case. Instead, we hold that, even if the 1992 enactment of M.C.L. § 750.224f as applied to Campbell was unconstitutional, Campbell's rights to possess a firearm still would not have been fully restored at the time he was charged as a felon in possession on July 16, 1997. At the time of Campbell's conviction in 1988, M.C.L. § 28.422 imposed an eight-year restriction on Campbell's ability "to

4

purchase, carry, or transport a pistol."

*United States v. Campbell*, 256 F.3d at 393-94 (emphasis added). As did the Sixth Circuit in *United States v. Campbell*, this Court finds the reasoning of *People v. Tice* to be persuasive. Moreover, the Court finds that *Tice's* reasoning should be applied to the present case. Accordingly, the Court finds that the 1992 modifications of the Michigan law on felon in possession of a firearm do not create an *Ex Post Facto* violation as to Defendant Clark because the state's predominant interest in MCLA § 750.224f was not to punish but to protect the public. For these reasons, Defendant's Motion to Dismiss Counts 41 and 42 should be denied.

## IV.  CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant Kevin Youngblood's and Defendant Michael Clark's Motion to Dismiss Count II of the Indictment (#114 and #158). The Court also HEREBY DENIES Defendant Michael Clark's Motion to Dismiss Counts 41 and 42 (#156).

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2006

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 18, 2006.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290