**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

            Plaintiff,

CASE NO. 05-80810
HON. LAWRENCE P. ZATKOFF

v.

KEVIN YOUNGBLOOD,

            Defendant.

_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 13, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Defendant pled guilty in this Court to counts 1, 2, 5, 15, 17, 19, 21, 23, 25, 27, 39, and 40, which charged Defendant with conspiracy to possess with intent to distribute and to distribute marijuana, conspiracy to possess with intent to distribute and to distribute cocaine, unlawful use of a communications facility to conspire to possess with intent to distribute controlled substances, and possession with intent to distribute marijuana. For the reasons set forth below, Defendant is sentenced to 109 months imprisonment for counts 1 and 2, and 48 months imprisonment for counts 5, 15, 17, 19, 21, 23, 25, 27, 29, 39 and 30, to be served concurrently.

**II. SENTENCING FACTORS**

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d

470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to Defendant

**1.      The Nature and Circumstances of the Offense**

Beginning in 2004, Defendant entered into a conspiracy with Michael Clark and others to distribute marijuana, and in 2005 he entered into a conspiracy to distribute cocaine. Defendant was a manager and distributor in the organization, and enlisted others, including Alissa Canty, Bessie Blount Howard, and Stephanie Baxter, women he had a relationship with, to store drugs and drug proceeds in their residences. Thus, Defendant was not only responsible for the introduction of a large quantity of drugs into the community, but the recruitment of others into the drug conspiracy. The Court notes that two of the women, Howard and Canty, had no prior contact with the criminal justice system, and Baxter had only a minor prior contact.

**2.      The History and Characteristics of the Defendant**

In 1993 Defendant pled guilty to bank robbery and felony firearm charges. Defendant has no other prior convictions.

**3.      The Seriousness of the Offense**

Defendant was a high level manager in the drug organization. Defendant was responsible for the introduction of a large quantity of drugs into the community, and recruited others to join the criminal enterprise. Thus, Defendant's offense was extremely serious.

**4.      Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

As noted above, Defendant not only committed several serious violations of the law, but induced others to do so. Thus, a significant sentence in this case is necessary to promote respect for the law and afford adequate deterrence to criminal conduct.

**5.     Protect the Public From Further Crimes of the Defendant**

Drug trafficking inflicts great harm on the public, and because of Defendant's extensive involvement in drug conspiracies, a significant sentence is needed to protect the public.

**6.     Guideline Range**

Defendant's guideline range is 135 to 168 months.

**7.     Government's Motion for a Downward Departure**

The Government has moved for a downward departure from the guideline range, requesting a guideline range of 67.5 to 84 months. The Government argues that Defendant provided substantial assistance with the prosecution of the case. His cooperation persuaded other codefendants to plead guilty, and his testimony at trial aided in the conviction of codefendant Michael Clark.

The Court will grant the Government's motion in part. The Court finds that Defendant's cooperation entitles him to a downward departure; however, the Court finds that a fifty percent downward departure is excessive, and not warranted by the facts of the case. The Court does not share the Government's high view of Defendant's testimony at trial. During cross examination Defendant was very combative and evasive. He argued with the defense attorney, and refused to answer questions. The Court also questions the veracity of portions of Defendant's testimony. Defendant made statements that conflicted with the information in his Rule 11 Plea Agreement, and stated that he previously "told the Judge" the conflicting information. However, during Defendant's plea hearing, he agreed to the information in the Rule 11 Plea Agreement, and did not voice any disagreement to the Court. Furthermore, Defendant made statements regarding Baxter's involvement in the conspiracy that conflicted with other statements he had made. Defendant also stated at trial that he did not know anything about cocaine that was missed by agents during a raid

3

on his apartment, which conflicted with other statements he had made concerning the missed cocaine. Finally, Defendant's testimony that he had nothing to do with codefendant Cornell Lewis's fake driver's license conflicted with Lewis's testimony that he received the license through a contact of Defendant's.

Furthermore, as noted above, Defendant's crimes were extremely serious, and caused great harm to the community at large, as well as to specific individuals. Because of Defendant's influence, three women have had their lives irrevocably blemished with a felony conviction. Thus, the Court will grant a downward departure, but not the fifty percent departure that the Government requests.

### III. CONCLUSION

For the reasons set forth above, Defendant is sentenced to 109 months imprisonment for counts 1 and 2, and 48 months imprisonment for counts 5, 15, 17, 19, 21, 23, 25, 27, 29, 39 and 30, to be served concurrently.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: December 13, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 13, 2006.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290